UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANTONIA MUNIZ, individually
and on behalf of all others
similarly situated,

      NO. CIV. S-07-0325 FCD EFB

      Plaintiffs,

    v.

      MEMORANDUM AND ORDER

PILOT TRAVEL CENTERS LLC,

      Defendant.

----oo0oo----

This matter is before the court on plaintiff's motion to remand the instant action to the Yolo County Superior Court on the ground defendant has not established that the putative class members' claims exceed the requisite jurisdictional amount in controversy of $5,000,000.00 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).[1] Defendant opposes the motion, arguing it has proffered sufficient evidence to demonstrate that it is more likely than not that the amount in

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1

controversy exceeds the jurisdictional minimum.

   After review of the evidence submitted by defendant in support of the Notice of Removal[2] as well as the supplemental evidence proffered in support of defendant's opposition to the motion, the court finds that defendant has met its burden of proof to demonstrate that the amount in controversy requirement is satisfied, and therefore plaintiff's motion is DENIED.

## BACKGROUND

   On January 17, 2007, plaintiff filed a class action complaint in the Yolo County Superior Court in the State of California: *Antonia Muniz, individually and on behalf of all others similarly situated v. Pilot Travel Centers LLC, and Does 1-15, inclusive, Case No. CV07-89* (hereinafter "the Complaint"). Plaintiff and the members of the putative class allegedly "performed services with primary duties of a non-exempt nature" for defendant in the State of California and were not paid overtime compensation and/or were not provided lawful meal and/or rest periods.

   Plaintiff's Complaint asserts six causes of action: (1) wages due; (2) failure to provide meal and rest periods; (3) conversion; (4) failure to comply with itemized employee wage statement provisions under Cal. Labor Code § 226; (5) for penalties pursuant to Cal. Labor Code § 203; and (6) unfair competition pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff's second cause of action for failure to provide meal

---

   [2]   Defendant filed its "Notice to Federal Court of Removal of Civil Action from State Court Pursuant to 28 U.S.C. Sections 1332(d), 1441 and 1446," on February 16, 2007 (hereinafter referred to as the "Notice of Removal").

and rest periods pleads five counts: (1) failure to pay wages and
overtime owed for time worked in lieu of taking meal periods;
(2) "failure to pay compensation, restitution or other relief for
each day a lawful meal period was not provided" pursuant to
Section 11(D) of Wage Order 7-2001; (3) "failure to pay
compensation, restitution or other relief for each day a lawful
meal period was not provided" pursuant to Cal. Labor Code
§ 226.7; (4) failure to pay "compensation, restitution or other
relief for each day a lawful rest period was not provided" under
Section 12(B) of Wage Order 7-2001; (5) failure to pay
"compensation, restitution or other relief for each day a lawful
rest period was not provided" pursuant to Cal. Labor Code
§ 226.7; and (6) failure to provide meal periods in violation of
Cal. Labor Code § 512.

    Defendant filed its answer to the Complaint on February 15,
2007.  Thereafter, on February 16, 2007, defendant removed the
action to this court on the basis of the CAFA.  The CAFA grants
district courts original jurisdiction over civil class actions
filed under federal or state law in which any member of a class
of plaintiffs is a citizen of a state different from any
defendant and the amount in controversy for the putative class
members in the aggregate exceeds the sum or value of
$5,000,000.00, exclusive of interest and costs.  28 U.S.C.
§ 1332(d)(2).  The Act authorizes removal of such actions
pursuant to 28 U.S.C. § 1446.

1    Plaintiff challenges the propriety of the removal solely on

2    the ground of the requisite amount in controversy.[3]  Plaintiff's

3    Complaint does allege a specific amount of damages.  Therefore,

4    in removing the action, defendant supported its Notice of Removal

5    with declarations setting forth the underlying facts needed to

6    calculate the amount in controversy based on the allegations in

7    the Complaint as well as the estimated calculations themselves.

8    Specifically, defendant submitted the declaration of Laura J.

9    Cheatham ("Cheatham"), Manager of Employee Relations for

10   defendant and the authorized custodian of records pertaining to

11   human resource matters, who set forth the underlying facts needed

12   to calculate the amount in controversy, and the declaration of

13   defendant's counsel Lena K. Sims ("Sims"), who based on the facts

14   supplied by Cheatham, calculated the amount in controversy in

15   light of the applicable laws governing penalties to which

16   plaintiff claims she and the putative class members are entitled.

17   (Docket #s 3, 4.)[4]  Said evidence showed that the

18

19       [3]  Plaintiff does not dispute that the removal was timely
     filed nor that the minimal diversity of citizenship requirement
20   is met, and court finds that these other requirements of removal
     are satisfied.

21       [4]  Plaintiff's various objections to these declarations
22   are unavailing.  Both declarations concern matters that are
     within the personal knowledge of the affiants or knowledge based
23   on corporate records.  Both declarations are signed under penalty
     of perjury under federal law.  Specifically as to Cheatham's
24   declaration, plaintiff complains that Cheatham makes no mention
     "of what [the] records actually consist of, or more significantly
25   if they have any relationship whatsoever to putative class
     members that are all situated well over two-thousand miles away,
26   and in a different state [from Cheatham]."  (Pl.'s Mem. P. & A.'s
     3:23-25.)  To the contrary, Cheatham identifies herself in her
27   declaration as "an authorized custodian of records for records
     pertaining to human resources matters" and states that she has
28   "personal knowledge of the foregoing, or knowledge based upon
     corporate records which are within my custody and control,

                                    4

amount in controversy is at least $6,380,625.10, notwithstanding attorneys' fees or punitive damages which are plead and which, as set forth below, are also properly considered in ascertaining the amount in controversy.  Defendants now provide additional evidence that the amount in controversy is much greater than that originally estimated, and that the amount in controversy is in fact estimated to be $12,932,861.00.  (Cheatham and Sims Decls., filed April 13, 2007 ["Supp. Decls."].)  The numbers originally provided by Cheatham were minimum amounts because at the time of the removal she was only able to consult one of the several timekeeping systems used by defendant's California stores during the alleged class period.  (Cheatham Supp. Decl., ¶s 3, 4.) However, Cheatham has now been able to consult most of the data in each of the timekeeping systems used in defendant's California stores, and thus, she was able to provide more accurate and thorough information from which defendant could calculate the relevant amounts.

### STANDARD

Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy

---

among others." (Cheatham Decl., filed Feb. 16, 2007, ¶ 1.)  She makes her statements in her declaration based on her review of "Pilot's corporate human resource records during the putative class period." (Id. at ¶ 5.)  The statements concern "Antonia Muniz [who] has filed her Complaint on behalf of herself and a class of all current and/or former nonexempt employees of Defendant Pilot in the State of California who worked during the four year period preceding the date on which she filed her Complaint." (Id. at ¶ 4.) She provides the information from her review of records "for purposes of assessing the amount of monetary relief sought by the claims as alleged in Plaintiff's Complaint." (Id. at ¶ 5.)

exceeds the statutory minimum (in this case, $5,000,000.00 per

the CAFA).  <u>Singer v. State Farm Mut. Auto Ins. Co.</u>, 116 F.3d

373, 376 (9th Cir. 1996).[5]  The preponderance of the evidence

standard means the "defendant must provide evidence establishing

that it is '*more likely than not*' that the amount in controversy

exceeds that amount."  <u>Sanchez v. Monumental Life Ins. Co.</u>, 102

F.3d 398, 404 (9th Cir. 1996) (emphasis added) (citation

omitted).  Said burden is not "daunting," as courts recognize

that under this standard, a removing defendant is *not* obligated

to "research, state, and prove the plaintiff's claims for

damages."  <u>McCraw v. Lyons</u>, 863 F. Supp. 430, 434 (W.D. Ky.

1994).[6]

     Nevertheless, a court "cannot base [its] jurisdiction on a

[d]efendant's speculation and conjecture."  <u>Lowdermilk v. United

States Bank Nat'l Ass'n</u>, 479 F.3d 994, 1002 (9th Cir. 2007).

Rather, a defendant must set forth the underlying facts

supporting its assertion that the amount in controversy exceeds

the statutory minimum.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 567

(9th Cir. 1992).  In addition to the contents of the removal

---

[5]     The CAFA did not shift the burden of proof normally applied to removal of a state action to federal court; under the CAFA, the removing defendant continues to bear the burden of proof, not the class action plaintiff.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 678 (9th Cir. 2006).

[6]     The contrary is true under the "legal certainty" test, at times improperly cited by plaintiff, which requires such proof by the removing defendant.  The legal certainty test is used where the complaint alleges a dollar amount in controversy that is below the federal court's jurisdictional minimum.  <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007) (holding that "where the plaintiff has pled an amount in controversy less than $5,000,000.00, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met").

6

petition, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.  <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted); <u>Singer</u>, 116 F.3d at 374 ("defense counsel submitted declarations to show that the amount in controversy exceeded $50,000").  A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice.  <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will *actually* owe.  <u>Rippee v. Boston Market Corp.</u>, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); <u>see also</u> <u>Scherer v. Equitable Life Assurance Society of the United States</u>, 347 F.3d 394, 399 (2nd Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

**ANALYSIS**

Plaintiff essentially makes two arguments in support of remand, both of which must be rejected.  First, plaintiff's counsel attests in his declaration that the actual recovery in this case will be much less than asserted by defendant based on

7

his general experience in other similar cases. (Carver Decl.,
filed March 15, 2007.)  However, for purposes of remand, the
court must accept as true *plaintiff's* allegations as plead in the
Complaint and assume that plaintiff will prove liability and
recover the damages alleged.  <u>Kenneth Rothschild Trust</u>, 199 F.
Supp. 2d at 1001; <u>Rippee</u>, 408 F. Supp. 2d at 986.  As such,
counsel's declaration, setting forth *his* opinions as to the
"typical" violation rates of employers for meal and rest periods
and overtime hours in similar cases, is irrelevant to the instant
motion.

Looking at plaintiff's Complaint, plaintiff alleges her
claims in terms as general and expansive as possible, presumably
for the purpose of alleging as large a class of individuals as
possible to obtain the largest possible judgment.  Plaintiff's
complaint alleges she was a nonexempt employee at a Pilot Travel
Centers store in California beginning in 2001.  (Compl., ¶ 6.)
Each of the putative class members is "similarly situated and
employed by the Defendants during the Class Period."  (<u>Id.</u> at
¶ 7.)  "Plaintiff and each member of the Plaintiff Class
performed services with primary duties of a non-exempt nature, as
non-exempt employees with various titles and duties, for which
they were entitled to be compensated as required by law."  (<u>Id.</u>
at ¶ 10.)  The Plaintiff class is defined as "[a]ll persons who
at any time after four (4) years prior to the filing of this
action through the date of trial were non-exempt employees of the
Defendant in California."  (<u>Id.</u> at ¶ 13.)  The subclass is "[a]ll
persons who at any time after four (4) years prior to the filing
of this action through the date of trial were non-exempt

1   employees of the Defendant in California, and terminated their

2   employment during the Class Period." (Id. at ¶ 14.)

3        Plaintiff alleges no facts specific to the circumstances of

4   her or the class members' allegedly missed meal and/or rest

5   periods; defendant's alleged conversion of plaintiff and the

6   class members' wages by its failure to timely pay said wages; or

7   defendant's failure to provide itemized wage statements.

8   Instead, plaintiff alleges a common course of conduct in

9   violation of the law resulting in injury to herself and every

10  other hourly employee employed by defendant in the State of

11  California in the four years preceding the filing of the

12  Complaint. (Id. at ¶s 2, 6, 13, 14, 15.) Allegedly, plaintiff

13  and class members "were not always paid all wages and overtime

14  due by the Defendant." (Id. at ¶ 18.) Allegedly, they were "not

15  always provided lawful meal periods." (Id. at ¶s 22, 24, 30.)

16  Allegedly, they were "not always provided lawful rest periods."

17  (Id. at ¶s 26, 28.) Additionally, plaintiff and the class

18  members were allegedly intentionally denied accurate itemized

19  wage statements. (Id. at ¶ 41.) Plaintiff and each putative

20  sub-class member are allegedly owed waiting time penalties. (Id.

21  at ¶ 44.)

22       As these allegations reveal, plaintiff includes no fact-

23  specific allegations that would result in a putative class or

24  violation rate that is discernibly smaller than 100%, used by

25  defendant in its calculations. Plaintiff is the "master of [her]

26  claim[s]," and if she wanted to avoid removal, she could have

27  alleged facts specific to her claims which would narrow the scope

28  of the putative class or the damages sought. Caterpillar, Inc.

1    v. Williams, 482 U.S. 386, 392 (1987).  She did not.

2         Furthermore, even assuming far less than a 100% violation

3    rate still results in an amount in controversy that exceeds the

4    jurisdictional minimum because the amount in controversy is

5    estimated to be $12,932,861.00 based on the underlying facts

6    provided by Cheatham in her supplemental declaration. (See

7    generally Cheatham & Sims Supp. Decls.)  Additionally, neither

8    the $6,380,625.10 nor the $12,932,861.00 figures include any

9    amount for the attorneys' fees or punitive damages that are plead

10   in the Complaint and which are properly included in determining

11   the amount in controversy.  Galt G/S v. JSS Scandinavia, 142 F.3d

12   1150, 1155-56 (9th Cir. 1998) (recognizing that attorneys' fees

13   are included in determining the amount in controversy, regardless

14   of whether the fee award is mandatory or discretionary);[7] Gibson

15   v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well

16   established that punitive damages are part of the amount in

17   controversy in a civil action.").

18        Plaintiff alternatively moves for remand, arguing

19   defendant's removal is deficient because defendant did not

20   produce the underlying documents which support its calculations.

21   (See Opp'n at 4 n. 2 [citing portions of plaintiff's motion

22   wherein she repeatedly demands production of documents by

23   defendant].)  Plaintiff contends that to justify removal

24   defendant was obligated to produce documents setting forth the

25

26        [7]   As set forth in defendant's removal papers, in
     California, where wage and hour class actions have settled
27   prior to trial for millions of dollars, it is not uncommon for an
     attorneys' fee award to be in the realm of 25% to 30% of the
28   settlement and, thus, in excess of $1 million.  (Opp'n, filed
     April 13, 2007, n. 6 [providing examples of such cases].)

precise number of employees in each putative class or subclass
alleged and the precise calculation of damages alleged. (Pl.'s
Mem. of P&A at 6:10-11, 8:10-13.)

        Plaintiff's argument is unavailing.  There is no obligation
by defendant to support removal with production of extensive
business records to prove or disprove liability and/or damages
with respect to plaintiff or the putative class members at this
premature (pre-certification) stage of the litigation.  McCraw,
863 F. Supp. at 434 (recognizing that the preponderance of the
evidence standard does *not* place a "daunting" burden on the
defendant to prove the plaintiff's claims for damages).  Rather,
it is defendant's burden to produce underlying facts showing only
that it is *more likely than not* that the amount in controversy
exceeds $5,000,000.00, assuming the truth of the allegations
plead in the Complaint.  Singer, 116 F.3d at 376; Sanchez, 102
F.3d at 404.  Defendant met that burden by filing the Cheatham
and Sims declarations in support of its Notice of Removal showing
that the amount in controversy is at least $6,380,625.10,
notwithstanding attorneys' fees or punitive damages.  Defendant
now, in opposition to motion, provides additional evidence that
the amount in controversy is much greater than that originally
estimated, and that the amount in controversy is in fact
estimated to be $12,932,861.00, irrespective of attorneys' fees
or punitive damages.  (Cheatham & Sims Supp. Decls.)  Under
either calculation, particularly considering the additional
damages of attorneys' fees and punitives, the instant case most
likely far exceeds the jurisdictional prerequisite, and at a
minimum, defendant has shown, by admissible evidence, that it is

more likely than not that the jurisdictional threshold of
$5,000,000.00 is met.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is
DENIED.

IT IS SO ORDERED.

DATED: April 30, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE