**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ANTONIA MUNIZ and FRANCES FLEHARTY individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PILOT TRAVEL CENTERS LLC,

Defendants.

Case No. 2:07-CV-00325-FCD-EFB

**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND LEAVE TO FILE AMENDED COMPLAINT**

WHEREAS, this action is pending before this Court as a class action (the "Action"); and

WHEREAS, Class Counsel have applied to this Court for an order preliminarily approving the settlement of the Action in accordance with a JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANT (the "Stipulation" or "Settlement"), including a proposal to file an Amended Complaint setting forth an additional cause of action which could have been asserted in the original Complaint, which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the parties having stipulated to the form of this Order as an Exhibit to the Stipulation, and the Court having read and considered the Stipulation and the exhibits annexed thereto;

WHEREAS, the proposed Amended Complaint includes a separate Class Representative for Class Two as defined herein, who will serve without a service payment;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms defined therein shall have the same meaning in this Order as set forth in the Stipulation.

2. The Court hereby conditionally certifies the Classes for settlement purposes only. Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether of a class should be certified in a non-settlement context. For purposes of this Settlement, there will be two settlement classes defined as follows:

**Class One**: All hourly PILOT TRAVEL CENTERS, LLC ("PTC") employees who were employed in the state of California from January 17, 2003 through the date of preliminary hearing ("Settlement Class One").

**Class Two**: All hourly PTC employees who were employed in the state of California from January 17, 2007 [one year prior to the exhaustion of a claim under the Private Attorney General Act] through the date of preliminary hearing ("PAGA Settlement Class")].

3. Named Plaintiff Antonia Muniz is hereby appointed and designated, for all purposes, as the representative of Class One. Named Plaintiff Frances Fleharty is hereby appointed and designated, for all purposes, as the representative of Class Two. Michael L. Carver, Law Offices of Michael L. Carver are hereby appointed and designated as counsel for the Named Plaintiffs and the Class ("Class Counsel"). Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which maybe given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

4. The Court hereby approves the definition and proposed disposition of the Settlement Fund and related matters provided for in the Stipulation.

5. The Court hereby preliminarily approves the Stipulation and the settlement contained therein, including the Fees Award of up to $156,250.00, costs up to $10,000, the Named Plaintiff ANTONIA MUNIZ's service payment of up to $9,000, and claims administration expenses of up to $20,000. The Court finds on a preliminary basis that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Class of that monetary recovery. It appears to the Court on a preliminary basis that the settlement amount is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement has been reached as the result of intensive, serious, and non-collusive, arms-length negotiations.

6. A "Final Approval Hearing" shall be held before this Court on September 5, 2008 at 10:00 a.m. in Courtroom 2 at the United States District Court for the Eastern District of California, 501 I Street, California, 95814, to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Class Members; and to formally approve Class Counsel's fees and cost award, the Named Plaintiff ANTONIA MUNIZ's service payment, and the claims administration expenses.

7. The Court hereby approves, as to form and content, the Notice and Claim Form annexed as Exhibits A and B to the Stipulation, which shall be revised to conform to the addition of Plaintiff Frances Fleharty as the representative of Class Two. The Court finds that the

distribution of the Notice and Claim Form substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court hereby appoints Simpluris, Inc. as Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to Plaintiffs the Notice and Claim Form by first class mail within forty five (45) days after the entry of this Preliminary Order (the "Notice Date") using the procedures set forth in the Stipulation. Eligible persons who wish to participate in the settlement provided for by the Stipulation ("Settlement Class Members") must complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid, within forty-five (45) days of the Notice Date.

9. Any eligible person may choose to opt out of and be excluded from the Class as provided in the Notice by following the instructions for requesting exclusion from the Class that are set forth in the Notice. All requests for exclusion must be submitted as provided in the Notice. Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. Any written request to opt out must be signed by each such person opting out. Class Members who have not requested exclusion shall be bound by all determinations of the Court, the Stipulation and Judgment, with the exception as to the federal claims that only those filing the Claim Form will be bound.

10. Any Class Member may appear at the Settlement Hearing and may object or express the Member's views regarding the Settlement, and may present evidence and file briefs or other papers, that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice. However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before 45 days after the Notice Date, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon: (1) Michael L. Carver, Law Offices of Michael L. Carver, 1600 Humboldt Rd., Suite 3, Chico, CA 95928, and

(2) Jody Landry, Littler Mendelson, 500 W. Broadway, Suite 900, San Diego, CA 92101, and filed the objections, papers and briefs with the Clerk of this Court. Any Class Member who does not make his or her objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Settlement.

11. All papers in support of the Settlement shall be filed with the Court and served on the Parties' Counsel no later than ten (10) Court days before the Final Approval Hearing.

12. All claims administration expenses shall be paid from the Settlement Fund.

13. The Fees Award shall be paid to Class Counsel. Upon payment to Class Counsel, PILOT TRAVEL CENTERS, LLC, their Counsel, and the Claims Administrator shall have no further liability or responsibility to Class Counsel, or any vendors or third parties employed by Plaintiffs or the Class Counsel, for attorneys' fees, expenses and/or costs incurred by the Class Counsel on behalf of Named Plaintiff(s) and/or Class Members in the Action.

14. To facilitate settlement, the request of the Plaintiff to file an Amended Complaint to include Private Attorney General Claims under California *Labor Code §2699*, which could have been asserted in the original Complaint, but were not, and which are included in the Released Claims, is granted. Plaintiffs shall file the Amended Complaint within 10 days of this Order. No responsive pleading by the Defendant is necessary.

15. To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, the Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims against the Released Parties.

16. The Settlement is not a concession or admission, and shall not be used against PILOT TRAVEL CENTERS, LLC or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by PILOT TRAVEL CENTERS, LLC or any of the Released Parties. Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by PILOT TRAVEL CENTERS, LLC or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b. Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Stipulation.

17. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the Settlement of the Action.

18. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

19. The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Stipulation without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: April 30, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE