**MICHAEL L. CARVER, ESQ. (SBN 173633)**
**PATRICIA A. SAVAGE, ESQ (SBN 236235)**
**LAW OFFICES OF MICHAEL L. CARVER**
1600 Humboldt Road, Suite 3
Chico, CA  95928
Telephone:  (530) 891-8503
Facsimile:  (530) 891-8512

Attorneys for Plaintiff
ANTONIA MUNIZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA MUNIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PILOT TRAVEL CENTERS LLC, and DOES 1-15, inclusive,<br><br>Defendants. | Case No. 2:07-CV-00325-FCD-EFB<br><br>**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:  Frank C. Damrell, Jr. |

This matter having come before the Court for hearing pursuant to the Order of this Court dated April 30,2008, for approval of the settlement set forth in the Joint Stipulation of Settlement and Release Between Plaintiffs and Defendant ("Stipulation" or "Settlement"), and due and adequate notice having been given to the Plaintiffs as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all Class Members.

3. Distribution of the Notice directed to the Class Members as set forth in the Stipulation and the other matters set forth therein have been completed in conformity with the

1

Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.

4.  This Court hereby approves the settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms length negotiations. The Court further finds that the Parties have conducted sufficient investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery. The Court finds that the Class is properly certified as a class for settlement purposes only.

*5.*  For purposes of this Judgment, the term "Class" or "Classes" are described in two classes as follows:

> **Class One**: All hourly PILOT TRAVEL CENTERS, LLC ("PTC") employees who were employed in the state of California from January 17, 2003 through April 30, 2008 ("Settlement Class One");
>
> **Class Two**: All hourly PTC employees who were employed in the state of California from January 17, 2007 [one year prior to the exhaustion of a claim under the Private Attorney General Act] through April 30, 2008 ("PAGA Settlement Class").

The "Class Members" are those eligible persons who did not elect to be excluded from the Class for the released California State Law Claims and those Class Members who opted in for the released Federal FLSA claims.

6.  As of the Effective Date, each and every Released Claim of each and every Class Member is and shall be deemed to be conclusively released as against the Released Parties. All

Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties. In addition, as of the Effective Date, each and every Released Federal Claim of each and every Settlement Class Member is and shall be deemed to be conclusively released as against the Released Parties. All Settlement Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting Released Federal Claims against the Released Parties.

7.  The Stipulation and Settlement are not an admission by PILOT TRAVEL CENTERS LLC, nor is this Judgment a finding, of the validity of any claims in the Action or of any wrongdoing by PILOT TRAVEL CENTERS, LLC. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by PILOT TRAVEL CENTERS, LLC and shall not be offered in evidence in any action or proceeding against PILOT TRAVEL CENTERS, LLC in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8.  The Court hereby dismisses the Action on the merits and with prejudice against the named Plaintiff and all Class Members in favor of PILOT TRAVEL CENTERS, LLC and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Stipulation. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

9.  The Court hereby awards Class Counsel attorneys' fees in the amount of $156,250.00 and costs of $8,763.28. The Court also hereby approves a service payment to the Plaintiff Antonia Muniz in the amount of $4,000.00. The Court also approves the payment of claims administration expenses in the amount of $30,000.00.

10. After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than 180 days after the Effective Date, PILOT TRAVEL CENTERS, LLC shall file a report with this Court setting forth the total of the Gross Settlement Amounts for the Settlement Class Members and certifying compliance with the terms of the Settlement.

11. The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims and released FLSA Claims against PILOT TRAVEL CENTERS, LLC.

12. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, resulting in the return and/or retention of the Settlement Fund to PILOT TRAVEL CENTERS, LLC consistent with the terms of the Settlement, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

Dated: September 8, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE